IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| TIFFANY MACKLIN, AS NEXT FRIEND OF P.M., A MINOR CHILD, | § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 7:14-cv-0096-O |
| PETROLIA CONSOLIDATED I.S.D., | § § § | |
| Defendant. | § | |

**FINDINGS AND DETERMINATIONS**

By Order of Referral (Docket No. 8) this cause was referred to the undersigned for "hearing, if necessary, and determination" of Plaintiff's Motion for Enforcement of Temporary Restraining Order as well as Plaintiff's initial application for temporary restraining order and injunction. Hearing was conducted on the 8th day of September, 2014 with all parties appearing and being represented by counsel. After hearing the testimony and consideration of the evidence, I announced the following findings and determinations:

Pursuant to the direction and under the authority granted to me by the District Court, I have concluded that the following findings and decisions should be made based on the testimony at this hearing:

I find that the refusal of PM to shake Superintendent Welch's hand did not rise to the level of expressive conduct warranting first amendment protection. It was conduct but the conduct was not coupled the communicative content under *Kennedy v. Bossier City* case. It was conduct voluntarily taken by PM not for purpose of expressing his own views or anything other than his

mother's desires to withhold respect for Mr. Welch as an individual and not in his capacity as SI. In the absence of any first amendment protection there is no protection for such conduct, such as withdrawing one's hand to avoid a handshake. This is plain and simple civil disobedience counseled by PM's mother for which one should expect and be willing to accept punishment and discipline.

While the scope of punishment is in the hands and the discretion of the school system and delegated to the principal, this Court, whether it agrees with or disagrees with the nature and scope of that discipline, will not intervene in measuring that degree. That is solely within the province and discretion of the school district exercised by and manifested through its principal. I also find that there was no unconstitutional touching proved. I find the plaintiff has not established irreparable injury or the threat there of warranting continuation of temporary restraining order or issuance of a temporary injunction.

I also find there was no legal obligation on behalf of PM to shake anyone's hand. But there are certain societal obligations mandating respect to persons with authority in many situations. All this being said, I find that the school district's reaction to that simple withholding of a handshake was a total and complete overreaction that could have simply been avoided had the previously-warned principal simply intervened, as he had discretion and authority to do, with the student, parent, or the superintendent. The superintendent could have been told, so that the incident would not have happened. There would have been no extension of hand. There would have been no necessity for this young man to withdraw from shaking hands even at his mother's demand or requirement.

I find there is nothing that this Court could do to placate the community if the community is in an uproar one way or another in regard to this incident. I find that the school district has wholly

failed to demonstrate that it had any reasonable apprehension that this incident caused or would cause an insurrection, wholesale disobedience, wholesale "dissing" of teachers, principals and persons in authority. It was only made that way by the reaction of the school district through its principal.

Which brings me to the other issue in this case, and that is the failure to abide by the ruling of a state court in a temporary restraining order by a person who knew the order was in force and effect but he may have received improper or inaccurate advice. The failure of Principal Waitman to abide by that TRO was not contumacious conduct but it was a violation none the less. But I decline to impose a monetary sanction.

Application for temporary injunction is denied. The court denies imposition of a sanction for the failure of the school district to on one day abide by the TRO.

It is so **ORDERED**, this 8th day of September, 2014.

_Robert K. Roach_
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE