IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **TIFFANY MACKLIN, AS NEXT FRIEND OF P.M., A MINOR CHILD,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 7:14-cv-0096-O |
| **PETROLIA CONSOLIDATED I.S.D.,** | § § § § | |
| Defendant. | § § § | |

## ORDER

Before the Court are: Defendant Petrolia Consolidated I.S.D.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), filed August 25, 2014 (ECF No. 3); Plaintiff's Motion for Enforcement of Temporary Restraining Order, filed August 26, 2014 (ECF No. 7); Findings and Determination of Magistrate Judge, issued September 8, 2014 (ECF No. 19); Plaintiff's Objections to Magistrate Judge's Findings, filed September 23, 2014 (ECF No. 25); Defendant Petrolia Consolidated I.S.D.'s Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6), filed September 12, 2014 (ECF No. 21); and Plaintiffs' Motion for Leave to File Their Second Amended Complaint, filed September 23, 2014 (ECF No. 24), to which Defendant has filed a response in opposition (ECF No. 27). For the following reasons, Plaintiff will be granted leave to file a second amended complaint, all remaining motions will be denied as moot, and Plaintiff's Objections will be overruled as moot.

**I.**

Plaintiff P.M. is the minor child of Tiffany Macklin, who filed suit in the 97th Judicial District of Clay County, Texas against Defendant Petrolia Consolidated I.S.D. on August 22, 2014, alleging that Defendant had violated P.M.'s constitutionally protected rights. Specifically, Plaintiff complained that Defendant violated P.M.'s First and Fourteenth Amendment rights in connection with its decision to discipline him after he refused to shake the hand of the School District's Superintendent at a graduation ceremony. Defendant removed this matter to federal court on August 25, 2014, and filed an immediate motion to dismiss (*see* ECF Nos. 1-3). Prior to removal, a temporary restraining order was issued in state court providing in relevant part:

> It is therefore ORDERED that a temporary restraining order be issued, restraining Defendant and its officers, agents, servants, and employees from directly or indirectly imposing disciplinary action in the form of in school suspension on P.M., until such time that a hearing on temporary orders has been had and this court has had time to determine the relief sought by Plaintiff in her petition.

On August 26, 2014, Plaintiff filed a Motion for Enforcement of Temporary Restraining Order. ECF No. 7. On August 27, 2014, the Court referred this motion and Plaintiff's initial application for temporary restraining order and injunctive relief (*see* Notice of Removal, Appendix at Ex. 1, ECF No. 2-1), to United States Magistrate Judge Robert K. Roach for findings pursuant to 28 U.S.C. § 636(b). *See* Order of Referral, ECF No. 8. On September 8, 2014, following a hearing on the referred motions, Magistrate Judge Roach made findings on the referred motions, recommending denial of injunctive relief. *See* Findings and Determination, ECF No. 19. On September 23, 2014, Plaintiffs filed objections to the findings. ECF No. 25) On September 23, 2014, Plaintiff filed a Motion for Leave to File Second Amended Complaint, seeking leave under Fed. R. Civ. P. 15 to amend the pleadings to conform to evidence from a September 8, 2014 hearing

2

before the Magistrate Judge. ECF No. 24. Defendant opposes the motion. ECF No. 27. The Court turns first to Plaintiff's request for injunctive relief.

## II.

In its response to Plaintiffs' motion for leave to amend, Defendant states: "Plaintiff P.M. has already been disciplined, so there is no need for injunctive relief or to rush this lawsuit. Any injunction to prevent this discipline would be moot." Def. Response to Pl. Mot. for Leave at 3, ECF No. 27. Based on Defendant's assurances that P.M. has already been disciplined as a consequence of his refusal to shake the Superintendent's hand, the Court will deny as moot Plaintiff's Motion for Enforcement of Temporary Restraining Order (ECF No. 7), deny as moot Plaintiff's initial application for temporary restraining order and injunctive relief (*see* Notice of Removal, Appendix at Ex. 1, ECF No. 2-1) and overrule as moot Plaintiff's objections to the Magistrate Judge's findings.

## III.

Plaintiff seeks leave to amend the pleadings to conform to testimony and evidence that came to light at the September 8, 2014 hearing before the Magistrate Judge. Specifically, Plaintiff seeks to add Tiffany Macklin as a plaintiff and to further clarify P.M.'s constitutional causes of action. Plaintiff previously amended once, as of right, immediately following removal. No Scheduling Order has been issued in this case, and the deadline for the parties to file their Joint Status Report is October 3, 2014.

Under Rule 15(a), other than in circumstances which do not apply here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall

3

be freely given when justice so requires." Although Rule 15(a):

> evinces a bias in favor of granting leave to amend, such leave is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

*Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (internal quotations, footnotes, brackets, and citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). Further, under Rule 15(b)(2), a party may move at any time to amend the pleadings to conform to the evidence.

Defendant argues leave should be denied since Plaintiff previously filed an amended complaint after Defendant filed its first motion to dismiss. Defendant further contends that leave to amend should be denied as Plaintiff has had repeated opportunities to cure pleading deficiencies. The Court declines to accept this argument. Plaintiff's first amendment was filed immediately after removal, and was filed as of right. Defendant's first motion to dismiss was filed upon removal, only three days after this civil action was originally filed in state court. Further, the Court is not persuaded that the proposed amendments arise from bad faith or dilatory motive on the part of movant, are an example of failure to cure deficiencies despite repeated amendments, or that Defendant will be unduly prejudiced by allowing the amendment. *See generally Price*, *supra*; *Foman*, *supra*; *Leffall*, *supra*.

In short, having considered the motion, response, procedural posture of case, and liberal pleading standards under Fed. R. Civ. P. 15, the Court concludes that Plaintiffs' Motion for Leave

to File Their Second Amended Complaint (ECF No. 24) should be granted.

## IV.

Based on the foregoing, the Court **denies as moot** Defendant Petrolia Consolidated I.S.D.'s Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 3); **denies as moot** Plaintiff's Motion for Enforcement of Temporary Restraining Order (ECF No. 7) as well as Plaintiff's initial application for temporary restraining order and injunctive relief; **rejects as moot** Findings and Determination of Magistrate Judge (ECF No. 19); **overrules as moot** Plaintiff's Objections to Magistrate Judge's Findings (ECF No. 25); **denies as moot** Defendant Petrolia Consolidated I.S.D.'s Motion to Dismiss Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6) (ECF No. 21); and **grants** Plaintiffs' Motion for Leave to File Their Second Amended Complaint (ECF No. 24).

**SO ORDERED** this **29th day** of **September**, **2014**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE